IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WADE BAISDEN,

    Plaintiff,

v.     Case No. 1:16-cv-02671-JLK

FD HOLDINGS, LLC,
d/b/a FACTUAL DATA

    Defendant.

## FACTUAL DATA'S ANSWER AND AFFIRMATIVE DEFENSES

In response to Plaintiff Wade Baisden's Complaint (ECF No. 1), Defendant Factual Data pleads as follows:

### I.     PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq., as amended*.

**Factual Data's Response:** Factual Data admits that Plaintiff has sued it for allegedly violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Factual Data denies that it violated the FCRA.

### II.     JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

**Factual Data's Response:** Admitted.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**Factual Data's Response:** Admitted.

### III.    PARTIES

4.    Plaintiff Wade Baisden is an adult individual who resides in the State of Colorado.

**Factual Data's Response:**    Factual Data admits that Plaintiff is an adult individual. Factual Data lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff resides in the State of Colorado.

5.    Defendant FD Holdings LLC d/b/a Factual Data ("Factual Data") is a consumer reporting agency and a reseller of credit information which regularly conducts business in the District of Colorado and which has a place of business located at 5200 Hahns Peak Drive, Loveland, CO 80538.

**Factual Data's Response:**    Admitted.

### IV.    FACTUAL ALLEGATIONS

6.    Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information").

**Factual Data's Response:**    Factual Data lacks knowledge or information sufficient to form a belief about the truth of these allegations.

.

7.      On November 12, 2015, a consumer background report was prepared by Defendant about Plaintiff that included a criminal conviction from Oregon for possession of a controlled substance (hereafter the "criminal record").

**Factual Data's Response:**   Factual Data admits that on November 11, 2015, its client asked it to prepare, and it did prepare, a consumer report containing information that Trans Union had in Trans Union's file regarding Plaintiff.  Factual Data further admits that because Trans Union's file regarding Plaintiff included information about a criminal charge in Oregon for possession of a controlled substance, to which Plaintiff had pleaded guilty, Trans Union's information about that charge appeared on Factual Data's November 11, 2015 consumer report.  Factual Data denies each and every allegation in Paragraph 7 that is inconsistent with these admissions.

8.      In fact, the criminal record had been dismissed by court order in 2001.

**Factual Data's Response:**   Factual Data admits that on March 21, 2001, the Douglas County, Oregon circuit court entered an order that dismissed a criminal charge against Plaintiff for possession of a controlled substance.  Factual Data denies each and every allegation in Paragraph 8 that is inconsistent with these admissions.

9.      Through November 2015, Defendant has never obtained updated information on the criminal record reflecting that it had, in fact, been dismissed (hereafter the "inaccurate information").

**Factual Data's Response:**   Factual Data lacks knowledge or information sufficient to form a belief about the truth of these allegations.

10. The inaccurate information negatively reflects upon the Plaintiff, and misidentifies Plaintiff as a person who has a criminal record. It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that identified Plaintiff as having a criminal record.

**Factual Data's Response:** Factual Data denies the allegation that it, "as a result of its unreasonable procedures, produced a consumer report that identified Plaintiff as having a criminal record." Factual Data lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10.

11. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective landlords, both known and unknown.

**Factual Data's Response:** Factual Data lacks knowledge or information sufficient to form a belief about the truth of these allegations.

12. Plaintiff has applied for and has been denied housing opportunities, including but not limited to, housing opportunities in November 2015. Plaintiff has been informed that the basis for this denial was the inaccurate information that appears on Plaintiff's consumer reports with Defendant and that the inaccurate information was a substantial factor for the denial.

**Factual Data's Response:** Factual Data lacks knowledge or information sufficient to form a belief about the truth of these allegations.

13. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff. Had Defendant followed such procedures it would not have falsely reported a criminal record that was dismissed on Plaintiff's consumer report.

**Factual Data's Response:** Denied.

14. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost housing opportunity, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

**Factual Data's Response:** Factual Data lacks knowledge or information sufficient to form a belief about the truth of these allegations.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

**Factual Data's Response:** Factual Data lacks knowledge or information sufficient to form a belief about the truth of these allegations.

16.  At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**Factual Data's Response:**   Factual Data lacks knowledge or information sufficient to form a belief about the truth of these allegations.

## V.   CLAIMS
## COUNT ONE – FCRA
## (PLAINTIFF v. Factual Data)

17.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**Factual Data's Response:**   Factual Data incorporates its Responses to the allegations at Paragraphs 1-16, by reference.

18.  At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

**Factual Data's Response:**   Admitted.

19.  At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**Factual Data's Response:**   Admitted.

20. At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**Factual Data's Response:** Factual Data lacks knowledge or information sufficient to form a belief about the truth of these allegations.

21. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681c.

**Factual Data's Response:** Denied.

22. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**Factual Data's Response:** Denied.

## VI.     JURY TRIAL DEMAND

23. Plaintiff demands trial by jury on all issues so triable.

**Factual Data's Response:** Factual Data admits that Plaintiff has pleaded a jury demand. By way of further response, Factual Data also demands trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

I.      Any harm that Plaintiff suffered was caused by or contributed to by Plaintiff's own actions, or the actions of persons or entities other than Factual Data, over whom Factual Data had no control and for whom Factual Data had no responsibility.

II.     Factual Data complied at all times with the Fair Credit Reporting Act and all other relevant law.

III.    Factual Data's conduct toward Plaintiff was not unlawful, wrongful, or harmful.

IV.     Factual Data's conduct toward Plaintiff was in good faith and in compliance with law.

V.      Plaintiff has failed to mitigate his damages.

VI.     Plaintiff has failed to plead his damages with specificity as required by law.

VII.    Factual Data reserves any and all rights that it has, under the due process clause of the United States Constitution, to challenge the quantum of and award of any punitive damages that may be sought or imposed against it.

VIII.   Factual Data reserves its right to assert additional affirmative defenses at such time and to such extent as warranted by its ongoing discovery of the facts of this case.

## PRAYER FOR RELIEF

WHEREFORE, Factual Data prays that this Honorable Court might issue an Order that:

i)      enters a judgment in favor of Factual Data and against the Plaintiff; and

ii)     provides Factual Data with such other and further relief as this Honorable Court deems right and just.

/s/ Jason A. Spak
Jason A. Spak
PICADIO SNEATH MILLER & NORTON, P.C.
444 Liberty Avenue, Suite 1105
Pittsburgh, PA 15222
Telephone: 412-288-4385
Facsimile: 412-288-2405
jspak@psmn.com

*Counsel for Defendant Factual Data, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2016, a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES was electronically filed with the Court's ECF system, which will effect service upon all parties and/or their counsel of record, including:

Geoffrey Baskerville, Esquire
FRANCIS & MAILMAN, P.C.
100 South Broad Street, 19th Floor
Philadelphia, PA 19110
gbaskerville@consumerlawfirm.com
*Counsel for Plaintiff*

PICADIO, SNEATH, MILLER, & NORTON, P.C.

/s/ Jason A. Spak
Jason A. Spak